United States Court of Appeals,

Fifth Circuit.

No. 94-30233.

VALENTINE SUGARS, INC., et al., Plaintiffs,

Valentine Sugars, Inc., Plaintiff-Appellant,

v.

Krishan K. SUDAN and Donau Corporation, Defendants-Appellees.

Oct. 10, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Valentine Sugars, Inc., (Valentine) appeals the district court's order dismissing its petition for a declaratory judgment seeking relief from an earlier judgment enforcing an arbitration award. We affirm.

I.

The relationship between appellant Valentine and appellees Donau Corporation and Sudan is set forth in our opinion from the earlier appeal in this case:

> The parties executed a number of agreements on June 29, 1984, under which Sudan was to provide his secret formula for liquid resin; Valentine then would produce the resin and sell it to Valdon. Valentine was to purchase and install a spray dryer on its property, which Valdon was to lease and use to spray dry the liquid resin. Sudan was to provide technical assistance for spray drying and then market the powder through Donau.

*Valentine Sugars, Inc. v. Donau,* 981 F.2d 210, 211-12 (5th Cir.1993).

1

When disputes arose under the contracts, Valentine initially filed a civil action but the district court stayed the proceedings pending arbitration, as called for by the contracts. The arbitration panel issued its award in September 1991 and gave essentially the following relief: (1) it terminated all agreements between the parties; (2) it determined that Valentine Sugars owned the spray drying equipment; (3) it directed Valentine Sugars to pay Valdon $600,000 in a lump sum; and (4) it directed Valentine Sugars to pay Sudan three cents per pound for all "spray dried products produced after January 1, 1991, on the spray drying equipment formerly owned by Valdon."

The district court confirmed the award and entered judgment on the award. We affirmed the district court judgment. *Id.* Several months after our decision was announced, or in September 1993, Valentine filed the instant declaratory judgment action seeking relief from the payment of the three cent royalty as required by the earlier judgment. Valentine alleged that it had sold the spray dryer to a third party, Lockport Thermosets (LTI). Valentine ceased making royalty payments when it filed suit and sought a declaration that the sale terminated Valentine's royalty obligation to Sudan and Donau.[1]

---

[1]The complaint also sought a declaration that: (1) the plaintiff, LTI, as buyer of the spray dryer is not obligated to pay the three cent royalty and (2) the plaintiff, Georgia Pacific Resins, Inc., may purchase the spray dryer from LTI free and clear of any obligation to pay royalties under the judgment. Georgia Pacific has dismissed its suit and the district court did not consider LTI's action. The district court entered a Rule 54(b) judgment after dismissing Valentine's action.

2

The district court ordered Valentine to continue making the royalty payments pending resolution of this action.  It also rejected Valentine's petition for relief from the former judgment. The district court concluded that the judgment clearly required Valentine "to pay defendants three cents per pound for products produced after January 1, 1991, on the spray drying equipment formerly owned by Valdon and does not condition Valentine's future obligation on its ownership of the machine...."  This appeal followed.

## II.

Taking the allegations of Valentine's declaratory judgment complaint as true, we agree with the district court that it presents no ground for relief from the earlier judgment. While the sale of the spray drying equipment is a change in circumstances,[2] the change occurred entirely through the actions of Valentine and LTI, the parties seeking relief from the judgment.  This is not the kind of unforeseen change in circumstances that merits relief from a judgment.

Rule 60(b)(5), Fed.R.Civ.P., allows a court to grant relief from a judgment where "it is no longer equitable that the judgment should have prospective application."  By its terms, this subsection of Rule 60 authorizes relief where conditions have changed such that continued enforcement of the judgment is

---

[2]Because of the conditions placed on the sale, the district court observed that "the permanency of this alleged sale to LTI has not been established."

inequitable. According to Wright & Miller[3], the following quotation from *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932), describes the type of change in condition that merits relief:

> Life is never static, and the passing of a decade has brought changes to the grocery business as it has to every other. The inquiry for us is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow. No doubt the defendants will be better off if the injunction is relaxed, but they are not suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression. Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.

This is consistent with the standard we articulated for modification of a judgment for changed circumstances in *Roberts v. St. Regis Paper Co.,* 653 F.2d 166, 173 (5th Cir. Unit B 1981):

> Modification is only cautiously to be granted; that the dangers which the decree was meant to foreclose must almost have disappeared; that hardship and oppression, extreme and unexpected are significant; and that the movant's task is to provide close to an unanswerable case. To repeat: caution, substantial change, unforeseenness, oppressive hardship, and a clear showing are the requirements.

*Id.* (quoting *Humble Oil & Refining Co. v. American Oil Co.,* 405 F.2d 803, 813 (8th Cir.1969) (Blackmun, J.)); see also *Ruiz v. Lynaugh,* 811 F.2d 856, 860-61 (5th Cir.1987).

Valentine has not alleged a change in circumstances brought about by new and unforeseen conditions. Appellant not only foresaw the changed conditions, it created them. The district court correctly denied relief from the judgment.

---

[3]Wright & Miller, Federal Practice and Procedure: Civil § 2863 p. 208 (1973).

4

While this appeal was pending, we stayed the district court's order directing Valentine to pay the royalty to LTI and directed Valentine to pay the royalty into the registry of the court. We now vacate that stay order and direct the clerk of the district court to remit the royalty payments on deposit to appellees.

AFFIRMED; STAY ORDER VACATED.

REAVLEY, Circuit Judge, dissenting:

Our problem is that the arbitral award does not provide the answer to present circumstances, nor may it be reasonably construed to do so. Neither the original licensing agreements nor the arbitral award provided for Valentine to pay a royalty if the machine should be sold and Valentine cease to produce resin. Presumably, Donau is entitled to some additional compensation to replace the royalty, or Donau may perhaps claim some intellectual property right in the machine itself. But how can we promote an order for Valentine to pay royalty for resin produced by a third party and sold to other parties? This dispute should be referred for further arbitration.